UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MITAC DIGITAL CORPORATION,<br>        Plaintiff,<br>    v.<br>HON HAI PRECISION INDUSTRY INC., et al.,<br>        Defendants. | Case No. 13-cv-03704-BLF<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL, WITHOUT PREJUDICE**<br><br>[Re: ECF 64] |

Plaintiff seeks to file under seal exhibits A and B to the declaration of Pierre Parent, filed in support of Plaintiff's opposition to Defendants' motion for summary judgment. *See* ECF 64-4. Defendants have not opposed the request.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party that seeks to seal a document submitted in opposition to a motion for summary judgment must meet the "compelling reasons" standard.

Plaintiff declares that these two documents were produced "Attorney's Eyes Only" pursuant to a protective order. Both exhibits are confidential acquisition documents related to Plaintiff's purchase of a third party company; this third party has not given Plaintiff consent to publically produce the documents. Rice Decl. ¶ 2. Plaintiff's counsel, Mr. Rice, declares that the public filing of these two documents "could subject my client to litigation by the third party" for

1  violations of the parties' confidentiality agreement. *See* Rice Decl. ¶ 3.

2      Plaintiff's declaration, standing alone, is insufficient to seal these two exhibits. In

3  *Kamakana*, the Ninth Circuit considered this very issue, and held that "[t]he mere fact that the

4  production of records may . . . expose [a party] to further litigation will not, *without more*, compel

5  the court to seal its records." *Kamakana* at 1179 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*,

6  331 F.3d 1122, 1135 (9th Cir. 2003)) (emphasis added). The presumption of public access to

7  documents, particularly as here when those documents are filed in opposition to a dispositive

8  motion, cannot be outweighed merely because the party producing those documents could face

9  suit due to a confidentiality agreement with a third party. *See Foltz* at 1135. Plaintiff's declaration

10  has not provided the "something more" required by this Circuit in *Kamakana* – for example, that

11  the public disclosure of the documents would cause Plaintiff some particularized economic harm –

12  and the Court therefore DENIES the motion to seal. This denial is without prejudice to Plaintiff

13  filing a supplemental declaration outlining compelling reasons that would suffice to seal these two

14  exhibits, as required by *Kamakana* and *Phillips*.

15      **IT IS SO ORDERED.**

16  Dated: May 27, 2015

                                                BETH LABSON FREEMAN
                                                United States District Judge

2